IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK ALAN CHAR, #A0234438, | ) | CIV. NO. 18-00345 JAO-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | IN PART WITH LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| KAISER HOSPITAL, DOCTORS | ) | |
| JOHN DOES 1-2, JANE DOES 1-2, | ) | |
| ACO JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pro se Plaintiff Mark Alan Char is a pretrial detainee incarcerated at the Halawa Correctional Facility.[1] Char alleges that Defendants Kaiser Permanente Moanalua Medical Center (Kaiser Permanente), its employees, Doctors John Does 1-2 and Jane Does 1-2 (collectively, Kaiser Defendants), and a Department of Public Safety correctional officer, ACO John Doe, violated his federal civil rights and state law while he was hospitalized at Kaiser Permanente in September and October 2016.

Char's Complaint is DISMISSED in part with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a-b).

---

[1] Char is awaiting trial in the Hawaii First Circuit Court. *See State v. Char*, 1PC161001291; 1PC161000903; 1PC131000810; 1PC031002555. *http*://www.courts.state.hi.us.

# I. **STATUTORY SCREENING**

Because Char is a prisoner proceeding in forma pauperis who alleges claims against government officers, the court performs a pre-answer screening of his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

Section 1915 screening involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A(b)). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) is read in conjunction with Rule 8(a). *Zixiang Li v. Kerry*, 710

F.3d 995, 998-99 (9th Cir. 2013).  Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555 (stating Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  The "mere possibility of misconduct" falls short of meeting this standard.  *Iqbal*, 556 U.S. at 555; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint.  *Lopez*, 203 F.3d at 1130.

## II. <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A. Counts I-VIII: Kaiser Defendants

Char alleges that Kaiser Defendants Doctors John Does 1-2 improperly cared for him, causing him to develop a pressure ulcer that lasted approximately ten months and required surgery. He alleges Jane Does 1-2, Kaiser Permanente nurses working the midnight shift, dislocated his collar bone when they roughly changed his bed sheets. Char alleges Kaiser Defendants were negligent and deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments and state law. *See* Compl., ECF No. 1, PageID #7-14, Counts I-VIII (alleging Eighth and Fourteenth Amendment violations and intentional infliction of emotional distress (IIED), negligence, negligent infliction of emotional distress (NIED), assault and battery, and municipal liability).

First, as a pretrial detainee, Char's claims arise under the Fourteenth, not the Eighth Amendment. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding that, under the Due Process Clause, a pretrial detainee may not be punished prior to

conviction)). Claims alleged under the Eighth Amendment are dismissed.

Second, private hospitals and doctors are not generally considered state actors amenable to suit under § 1983. *See Briley v. California*, 564 F.2d 849, 855-856 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section"); *see also Babchuk v. Indiana Univ. Health, Inc.*, 809 F.3d 966, 970-71 (7th Cir. 2016). "[T]o show that a private action is in fact state action, the plaintiff must show that there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Grijalva v. Shalala*, 152 F.3d 1115, 1119 (9th Cir. 1998) *vacated on other grounds by* 526 U.S. 1096 (1999); *see also West v. Atkins*, 487 U.S. 42, 54 (1988) (holding that a doctor employed part-time by the state acted under color of law when he treated inmates in a state prison); *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1146 (9th Cir. 2011) (holding county hospital's medical committee members were state actors, because the hospital was a public entity that was required to "meet the provisions of the Fourteenth Amendment," and defendants' authority "flow[ed] directly from the state").

Char may only hold Kaiser Defendants liable if he shows that they

contracted directly with the state to provide medical services to inmates and can otherwise show their close connection, or nexus, to the State. Nothing within Char's Complaint as pleaded, however, suggests that Kaiser Defendants were acting under color of state law.

Third, even if Char can plausibly allege that Kaiser Defendants acted under color of state law, he must allege facts that show:

> (1) [they] made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) [they] did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of [their] conduct obvious; and (4) by not taking such measures, [they] caused plaintiff's injuries.

*Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (defining the elements of a pretrial detainee's medical care claim under the Fourteenth Amendment). The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). "Thus, the plaintiff must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" *Gordon*, 888 F.3d at 1125 (citing *Daniels*, 474 U.S. at 330-31).

The court cannot infer that Doctors John Does 1-2 made an intentional

6

decision regarding Char's medical care that put Char at substantial risk of suffering serious harm, and took no reasonable measure to abate that obvious risk, causing his pressure ulcer and resultant surgery from the facts as pleaded.  That is, Char fails to allege facts that show Doctors John Does 1-2 acted with reckless disregard to his serious medical needs.  At most, Char's statement of facts against them evinces negligence, possibly gross negligence, or medical malpractice.  It does not support a constitutional claim.

Similarly, Char's conclusory claim that Jane Does 1-2 roughly jostled and lost control of him when they attempted to change his bed sheets, allegedly dislocating his collar bone and laughing thereafter, does not support a claim for reckless disregard to his serious medical needs.  The court cannot plausibly infer that Jane Does 1-2 made an intentional decision that put Char at substantial risk of suffering serious harm when they changed his bed sheets, and took no reasonable measures to abate that risk.  Rather, it appears that two nurses were assigned to change Char's sheets, they lost control of Char, and he landed hard *on the bed*.  These facts may support negligence, but they do not support a constitutional violation.

Char's claims against Kaiser Defendants as alleged under § 1983 are

DISMISSED for failure to state a claim, with leave granted to amend.[2]

B.      **Count IX: ACO John Doe**

ACO John Doe was assigned to guard Char while he was hospitalized at Kaiser Permanente. Char claims that, after Jane Does 1-2 injured his collar bone, he began calling for heat packs. He says that ACO John Doe told him to shut up and "slammed him in the face + body with a solid pillow." Compl., ECF No. 1, PageID #15. Char says he suffered "severe pain" to his face and body, swelling, and other mental and physical pain. Char labels this claim "Assault and Battery," but earlier stated it arises under the Eighth and Fourteenth Amendments. *See id.*, PageID #7.

As a pretrial detainee, Char's right to be free from the use of excessive force is grounded in the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). To prevail, a pretrial detainee must allege "objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley*, 135 S. Ct. at 2473-74. The relevant inquiry is "whether

---

[2]If Char is unable to amend his claims against Kaiser Defendants to plausibly show a nexus between them and the State, the court will decline supplemental jurisdiction over his state law claims against them. *See* 28 U.S.C. § 1367(c)(3).

force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

*Kingsley* sets forth five, non-exhaustive, objective factors to consider regarding whether the force used was unreasonable in a pretrial context: (1) "the relationship between the need for the use of force and the amount of force used"; (2) "the extent of the plaintiff's injury"; (3) "any effort made by the officer to temper or to limit the amount of force"; (4) "the severity of the security problem at issue"; (5) "the threat reasonably perceived by the officer"; and (6) "whether the plaintiff was actively resisting." 135 S. Ct. at 2473 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989). The absence of an injury will not necessarily foreclose an excessive force claim. *Hudson*, 503 U.S. at 7. Courts have routinely held, however, that the Constitution does not protect an inmate against an objectively de minimis use of force, provided that the use of force is not "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Although Char alleges that ACO John Doe hit him with a pillow, the facts viewed in the light most favorable to Char show that he was restrained in a hospital bed, with an allegedly broken collar bone and other unidentified injuries, does not

appear to have been resisting, and he sustained injuries. Char's claims against ACO John Doe may proceed.

## C. Official Capacity Claims

Char names all Defendants in their individual and official capacities. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

It is unclear whether Char names Kaiser Permanente as a separate Defendant. To the extent that he does *and* that it acted under color of state law, it "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). Kaiser Permanente may not be held liable for the actions of individual Defendants unless their allegedly unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or was "pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91. Char alleges no Kaiser Permanente policy under which Kaiser Defendants were acting and cannot maintain a suit against Kaiser Permanente as currently pleaded.

Similarly, Char's official capacity claims against ACO John Doe must be dismissed because he does not allege an ongoing constitutional violation or otherwise state a claim against the *State* based on ACO John Does alleged actions.

## IV. LEAVE TO AMEND

Char may file an amended complaint on or before November 23, 2018, to cure the deficiencies identified above. If Char elects to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**In the alternative**, in light of the discussion in this Order, Char may elect to stand on his claims against Defendant ACO John Doe in Count IX as limited by this Order. On receipt of **written notification** on November 23, 2018 of this election, **or** if Char fails to timely submit an amended complaint on or before November 23, 2018, the court will order the present Complaint as limited by this

Order served when Char properly identifies Defendant ACO John Doe.[3]

## V. <u>28 U.S.C. § 1915(g)</u>

If Char fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. <u>CONCLUSION</u>

(1) The Complaint is DISMISSED in part for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Counts I-VIII as alleged against Defendants Kaiser Hospital, Doctors John Does 1-2, and Jane Does 1-2 are DISMISSED without prejudice. Count IX, as alleged against ACO John Doe in his individual capacity states a claim and may proceed upon Char's notice to the court and identification of this Defendant.

---

[3]By standing on these claims, Char is not foreclosed from amending claims dismissed without prejudice in this Order in an amended pleading after service is perfected, subject to the requirements of Fed. R. Civ. P 15.

(2) Char may file an amended complaint on or before November 23, 2018, that cures the deficiencies in Counts I-VIII, if possible.

(3) **In the alternative**, Char may notify the court in writing on or before November 23, 2018, that he elects to stand on his claims in Count IX against ACO John Doe, and the court will direct service of this claim when Char adequately identifies this Defendant.

(4) Failure to file an amended complaint by November 23, 2018, or notify the court that Char elects to stand on his claims in Count IX against ACO John Doe, may result in dismissal of this action without further notice.

(5) The Clerk is DIRECTED to send Char a prisoner civil rights complaint form so that he may comply with this Order.

(6) Char's request to "Stay Pending Trial" is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 23, 2018.



Jill A. Otake
United States District Judge

*Char v. Kaiser Hosp.*, No. 1:18-cv-00345 JAO-RLP; scrng '18 Char 18-345 jao (dsm in part, Kaiser Defs. not sate actors, election given)