IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MARK ALAN CHAR, #A0234438, | ) CIV. NO. 18-00345 JAO-RLP |
|---|---|
| Plaintiff, | ) ORDER DISMISSING FIRST ) AMENDED COMPLAINT IN PART |
| vs. | ) |
| KAISER HOSPITAL, DOCTOR'S 1–2, JANE DOES 1–2, JOHN + JANE DOES 4–5, ACO JOHN DOE, | ) ) ) |
| Defendants. | ) |

Before the Court is pro se Plaintiff Mark Alan Char's First Amended Complaint (FAC). ECF No. 9. Char is a pretrial detainee incarcerated at the Halawa Correctional Facility (HCF).[1] Char alleges that Defendants Kaiser Permanente Moanalua Medical Center (Kaiser Permanente), its unidentified doctors, nurses, and aides (collectively, Kaiser Permanente Defendants), and a Department of Public Safety (DPS) correctional officer, ACO John Doe, violated his federal civil rights and state law during his hospitalization at Kaiser Permanente between September 29 and October 10, 2016. Char alleges jurisdiction for his claims arises under 42 U.S.C. § 1983 and 28 U.S.C. § 1367.

---

[1]Char is awaiting trial in the Hawaii First Circuit Court. *See State v. Char*, 1PC161001291; 1PC161000903; 1PC131000810; 1PC031002555. *http*://www.courts.state.hi.us.

The FAC is DISMISSED in part pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a–b). After Char identifies ACO Doe Defendant and successfully moves to substitute him, the Court will direct the United States Marshal to serve the FAC at Char's direction, as limited below.

## I. STATUTORY SCREENING

Because Char is a prisoner proceeding in forma pauperis who alleges claims against government officers, the court performs a pre-answer screening of his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

Section 1915 screening involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A(b)). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) is read in conjunction with Rule 8(a). *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555 (stating Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The "mere possibility of misconduct" falls short of meeting this standard. *Iqbal*, 556 U.S. at 555; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate.

*Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

**A.     Claims in the FAC**

Char was transferred from the Oahu Community Correctional Center (OCCC) to Kaiser Permanente on August 29, 2016, due to a blood infection he says he developed "from an earlier assault," by two Kaiser Permanente employees. FAC, ECF No. 9, PageID #63. Char alleges that when he arrived at Kaiser Permanente, several unidentified Kaiser Permanente staff roughly transferred him to a gurney, overpowered him, flipped him upside down, and "tortured" him by pouring hot water on his "genitalia, burning [him]." *Id.* Char told various doctors and nurses about this treatment, but they refused to intervene or report this alleged

4

abuse. Char suggests Kaiser Permanente staff mistreated him because they were co-workers and friends of his attackers.

Char alleges that during the forty-two days that he remained at Kaiser Permanente, hospital staff constantly harassed him. He claims two nurses lost control of him while changing his bed sheet, dropping him roughly to the mattress, which caused a whiplash and dislocated his collar bone. A doctor ordered an x-ray, but allegedly told Char they would not repair his injury. When Char later yelled for help and demanded heat packs for his shoulder, ACO John Doe, who Char alleges "acted within the scope of his employment with the Department of Public Safety (OCCC)," told him to shut up and hit him with a "solid pillow."[2] *Id.*, PageID #64.

Char claims Kaiser Permanente staff refused to treat edema in his hands and left foot for five months and he developed a wound on his shoulder that required draining. He complains that, because he was bedridden the entire time at Kaiser Permanente with drains in his legs, he developed a pressure ulcer, for which he required care for nine months.

Char broadly alleges Kaiser Permanente doctors colluded with prison

---

[2]Char says OCCC ACOs were stationed in his hospital room, controlling his television and call button, ordering his food, overhearing his private medical consultations, and generally harassing him.

officials when they released him back into OCCC's custody.  Thereafter, Char was taken weekly for five to six months to The Queen's Medical Center outpatient wound clinic to treat his pressure ulcer.

Char alleges all Defendants violated his rights under the Fourteenth Amendment and state law.  He alleges Kaiser Permanente Defendants are individually and officially liable to him for: (1) Assault and Battery; (2) Negligence and/or Deliberate Indifference and/or Reckless Indifference to his serious medical needs; (3) Intentional Infliction of Emotional Distress (IIED); (4) Negligence; (5) Negligent Infliction of Emotional Distress; and (6) "Municipal Liability." *Id.*, PageID #68.  He alleges Defendant ACO John Doe used excessive force and assaulted him.

**B.     Claims Against ACO John Doe**

The Court previously found that Char's claims against ACO John Doe in his individual capacity stated a claim under (1) the Fourteenth Amendment for the use of excessive force, and (2) state law for assault and battery.  *See* Order, ECF No. 6, PageID #44–45.  The FAC does not change this determination and Char's claims against ACO John Doe in his individual capacity shall be served after Char identifies him.

## C. Kaiser Permanente Defendants: 42 U.S.C. § 1983 Claims

As carefully explained in the October 24, 2018 Order Dismissing Complaint in Part With Leave to Amend, ECF No. 6, private hospitals and their employees are not generally considered state actors amenable to suit under § 1983. *See Briley v. California*, 564 F.2d 849, 855–856 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section"); *see also Babchuk v. Indiana Univ. Health, Inc.*, 809 F.3d 966, 970–71 (7th Cir. 2016). "[T]o show that a private action is in fact state action, the plaintiff must show that there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Grijalva v. Shalala*, 152 F.3d 1115, 1119 (9th Cir. 1998) *vacated on other grounds by* 526 U.S. 1096 (1999); *see also West v. Atkins*, 487 U.S. 42, 54 (1988) (holding that a doctor employed part-time in a state prison acted under color of state law when he treated inmates at that prison); *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1146 (9th Cir. 2011) (holding county hospital's medical committee members were state actors, because the hospital was a public entity that was required to "meet the provisions of the Fourteenth Amendment," and defendants' authority "flow[ed] directly from the state").

Char's conclusory statement that, "[t]he retaliating doctors . . . were in collusion with OCCC Medical Administrators," when they released him to OCCC is insufficient to show a nexus between Kaiser Permanente and its staff and the State of Hawaii. Char fails again to plead facts showing that Kaiser Permanente Defendants were acting under color of state law or that they colluded with state actors to deprive him of his civil rights. To the contrary, Char asserts that the Kaiser Permanente Defendants mistreated him in support of, or in collusion with, the two Kaiser Permanente employees who allegedly assaulted Char before he was admitted to the hospital.

Moreover, Char cannot maintain a suit against Kaiser Permanente Medical Center under § 1983, because it is not a "person" amenable to suit under the statute. Char fails to state a claim against Kaiser Permanente Defendants under 42 U.S.C. § 1983 and, because Char is clearly unable to cure the deficiencies in these claims, they are DISMISSED with prejudice.[3]

---

[3]This dismissal encompasses claims against Kaiser Permanente and its employees in their official capacities based on any theory of "Municipal Liability." *See* FAC, ECF No. 9, PageID #68; *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) (stating it is only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983").

**D.     Kaiser Permanente Defendants:  State Law Claims**

To bring claims against different defendants in the same lawsuit, a plaintiff must satisfy Federal Rule of Civil Procedure 20, which governs joinder of parties. Permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties arises in the action. Fed. R. Civ. P. 20(a)(2).  Unrelated claims involving different defendants must be brought in separate actions.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (stating, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues").

When there is a misjoinder of parties, the court may, on its own initiative at any stage of the litigation, drop any party or sever any claim against a party.  Fed. R. Civ. P. 21; *see Mattson v. Quicken Loans, Inc.*, 2018 WL 2749571, at *4–5 (D. Ore. June 27, 2018); *Riley v. Kernan*, 2017 WL 3437576, at *4 (S.D. Cal., Aug. 10, 2017).

Here, Char's federal causes of action against Kaiser Permanente Defendants have been dismissed.  His remaining state law claims were alleged against

9

numerous, unidentified Kaiser Permanente employees, and refer to discrete instances of alleged assault and battery, IIED, NIED, simple negligence, and possibly, malpractice. These claims allegedly took place on different dates and times, by different employees, by different means during the forty-two days that Char was in Kaiser Permanente. There are no allegations that link these claims to the single excessive force claim against ACO John Doe, or show an overlap of intent or action between him and the Kaiser Permanente Defendants. Char does not allege that ACO John Doe acted in concert with the nurses who allegedly manhandled him while changing his bed sheet. Rather, he states that these nurses injured him and left his room laughing. When Char later screamed for help and demanded heat packs for his shoulder, ACO John Doe, acting as an OCCC employee, allegedly told him to "shut up" and hit him with a pillow to make him be quiet. FAC, ECF No. 9, PageID #64. ACO John Doe is not employed by Kaiser Permanente or alleged to be friends with the two Kaiser Permanente staff that allegedly assaulted Char before he arrived at the hospital on August 29, 2016. As such, Char's claims against ACO John Doe do not arise out of the same transaction and occurrence as his claims against the Kaiser Permanente Defendants, and are improperly joined herein. Therefore, the Court in its discretion, severs the remaining state law claims against Kaiser Permanente from

this action. *See* Fed. R. Civ. P. 21.

Because there are no remaining federal claims against Kaiser Permanente Defendants, and the Court has severed the state law claims against them from this action, the Court declines to accept supplemental jurisdiction over those claims in a new action. *See* 28 U.S.C. § 1367(c)(2–3). Char's state law claims against Kaiser Permanente Defendants are DISMISSED without prejudice, but without leave to amend them herein.

## IV. SERVICE AND EARLY DISCOVERY

Char states a claim for the use of excessive force in violation of the Fourteenth Amendment against Defendant ACO John Doe, who may be served when Char identifies him and moves to substitute him in this suit.

Although the use of Doe Defendants is generally disfavored, the Ninth Circuit requires that a plaintiff be provided with "an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will open discovery for a period of ninety days for the limited purpose of identifying ACO John Doe, who is alleged to be employed by the Hawaii Department of Public Safety and assigned to OCCC.

Char is limited to seeking discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure at this stage of the proceedings; thus, he is entitled to the issuance of subpoenas duces tecum under Rule 45. Char shall inform the Court within thirty days what documents need to be produced by the Hawaii Department of Public Safety or OCCC to identify ACO John Doe. Char must be as precise as possible when naming these documents. He must limit his request to documents that might reveal the identity of ACO John Doe, and he must tailor the subpoena so as to avoid undue burden and expense on the part of the responding party. *See* Fed. R. Civ. P. 45(d)(1). Prior to requesting any subpoenas relating to the identity of ACO John Doe, Char must first attempt to determine his identity through a review of his own prison records, and possibly, his own medical records. If he is unable to identify ACO John Doe in this manner, his request for subpoenas must be accompanied by a declaration setting out with specificity the efforts he undertook and how and why they were unsuccessful. Upon receipt of this information, the Court will direct the United States Marshal to serve the subpoenas duces tecum. Once ACO John Doe is identified and substituted, the Court will direct service of the FAC on him.

## V. CONCLUSION

(1) The First Amended Complaint is DISMISSED in part for failure to state

a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).  Claims alleged against Defendants Kaiser Permanente Moanalua Medical Center and its unidentified staff under 42 U.S.C. § 1983 are DISMISSED with prejudice; state law claims are DISMISSED without prejudice, but without leave to reallege them herein.

(2) Claims alleged against ACO John Doe in his individual capacity state a claim and may proceed upon Char's notice of identification of this Defendant.

(3) Char is GRANTED LEAVE to conduct early discovery, as limited above, to identify ACO John Doe for a period of **ninety days** as calculated from the date of this Order, pursuant to Fed. R. Civ. P. 45.  Char shall inform the Court within *thirty days* what documents need to be produced by the Hawaii Department of Public Safety or OCCC to identify ACO John Doe and the Court will issue appropriate subpoenas.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 2, 2019.



 /s/   Jill A. Otake_____
Jill A. Otake
United States District Judge

*Char v. Kaiser Hosp.*, No. 1:18-cv-00345 JAO-RLP; ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART